Dear Mayor Reed:
You have requested an opinion of the Attorney General's Office regarding the legality of the proposed amendment to Ordinance Number 302, establishing insurance retirement benefits for the Mayor of the City of Sulphur, Louisiana.
Specifically you have asked this office's opinion regarding the proposed Ordinance Section F which states:
 A Mayor who has served for at least ten (10) consecutive years in office and is a member of the Louisiana Municipal Retirement system shall be considered "vested". Thereby, he/she shall be entitled to participate in the City Group Health and Life Insurance Program on the same basis and coverage as any retired employee, as provided in Section 7.02, paragraph D, of "The Human Resources Policy and Procedure Manual."
Paragraph D of the Human Resources Manual provides:
 Employees who retire under a qualified retirement plan and are enrolled in group insurance benefits with the City may continue such coverage at the same level, with the City paying the same premium percentage. If the retiring employee wishes to continue dependent coverage, arrangements must be made for the retired employee to pay the entire premium for the dependent coverage.
The City's Home Rule charter states in Section 3-04, paragraph B that the city council "shall specify by ordinance the employee's benefits to be provided the mayor." You have indicated that the Mayor is currently a member of the Group Program and that the city currently pays 100% of the premiums for the City Group Health and Life Insurance Program for the Mayor and all active employees. If the Mayor is currently included in the definition of "employee," your present system covers the proposed benefits without further action by the City Council. This further discussion is based on the premise that the Mayor is not defined as an "employee" under your system.
R.S. 42:821 through 852 provides for employee benefits including group health and life insurance policies. R.S. 42:853 states:
 For the purposes of R.S. 42:821 through 852, the terms "employees", "officials", "department heads" and "heads of departments" shall include any former employee, official, department head or head of department who is enjoying the benefits of retirement.
Louisiana Attorney General Opinion No. 92-547 states:
 This office has recognized under R.S. 33:5151 (B) that the political subdivision may pay 100% of the insurance premium for its employees and elected officials. Attorney General Opinion Nos. 91-209, 90-106, 88-480.
Also, this office has concluded that the term "employee" includes a retiree or a former employee now retired, and it would be legal for a public agency to pay medical and life insurance premiums for retired public employees. Attorney General Opinion No. 90-131.
This office has concluded while the political subdivision may pay 100% of the insurance premium of elected officials, the insurance contract must be in existence before the payments are authorized, and past payments may not be reimbursed as this would be a prohibited donation of public funds. Attorney General Opinion No. 91-219.
In conclusion, based on the facts presented to this office, it is our opinion that the City Council of the City of Sulphur may legally adopt proposed Ordinance Section F establishing employee group health and life insurance for a retired mayor.
We hope this information sufficiently answers your questions. If we can be of further assistance, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _________________________ SUE McNABB Assistant Attorney General
RPI:SM/sfj